Fremont-Smith, Thayer, J.
This case arises out of the manufacture and delivery of modular home com *377 ponents by Epoch to Pinnacle Development for assembly and for placement on plaintiff Lowensterns’ land. It is undisputed that Epoch contracted with Pinnacle, rather than with plaintiffs, for the modular home components and that James Lowenstern was a partner of Pinnacle and of Pinnacle’s president, Charbonneau. Epoch moves for summary judgment on the grounds, inter alia, that the Lowensterns were not parties to the Epoch contract so cannot bring suit thereon and that they cannot have relied on any misstatements by Epoch because Pinnacle and Charbonneau were aware of the correct facts and their knowledge should be imputed to James Lowenstern in his capacity as their partner. G.L.c. 108A, §12.

Count I for Breach of Contract

As it is unclear whether plaintiffs were intended beneficiaries of the contract, it cannot be said as a matter of law that they cannot bring suit thereon.
If they are found to be intended beneficiaries, then the breach of contract claim is not defeated by the disclaimer and limitation of warranties in paragraph 7, as those relate to quality or structural defects in materials or workmanship, and not to any failure to provide modules containing the square footage indicated in the accompanying sales documents.[1] The allegations of Count I, paragraphs b-f of the complaint, on the other hand are subject to the warranty and notice provisions of the contract and are barred. As for the three-year statute oflimitations in G.L.c. 260, §23, unlike the allegations for faulty material or workmanship (see complaint, Count I, paragraphs b-f) the discrepancy in square footage was not obvious on delivery and there is a factual issue as to the time it could reasonably have been discovered.
Similarly, plaintiffs were not the “buyer” in the Epoch-Pinnacle sales contract, so are not barred by the contract and notice provisions so as to be deemed to have accepted tender of the modules at the time when delivery was accepted by Pinnacle and Charbonneau.

Count II Violation of G.L.c. 93A

Plaintiffs further allegations in Count II of the Complaint that Epoch’s representations as to the size of the units was a c. 93A violation because it constituted intentional or reckless misrepresentation, Count II is not barred by the statute oflimitations, the modules having been delivered on January 18, 1998 and suit instituted on March 7, 2001.
Defendant contends that plaintiff cannot have reasonably relied on any misrepresentations because the true facts were known to Pinnacle and to Charbonneau, whose knowledge is imputed to Lowenstern. G.L.c. 108A, §12, however, by its terms, does not impute knowledge of one partner to another, but only imputes knowledge of a partner to the partnership (analogous to an agent’s knowledge which is imputed to his principal). While, as a matter of partnership law, knowledge possessed by one partner with respect to partnership business is imputable to other partners, “if knowledge is acquired by a partner in a transaction in which fraud is being perpetrated on a partnership by or with the consent of that partner, it will not be imputed to the partnership. Clearly, a partnership cannot be held to be aware of a matter known only to a partner who is participating in a fraud on the firm.” 14B Mass. Practice Series of Basic Law, §16.23 (3d ed). On this record, it cannot be said as a matter of law that Pinnacle or Charbonneau did not participate or consent to any fraud by Epoch, so it cannot be said whether their knowledge of the insufficient square foot footage (if indeed they had any such knowledge), should be imputed to James Lowenstern. Moreover, such knowledge could not, in any event, be imputed to Jody Lowenstern, who was not a partner of Charbonneau or of Pinnacle.

ORDER

Accordingly, Epoch’s motion for summary judgment is ALLOWED as to Count I (breach of contract) with respect to the allegations of paragraphs 9 b-f of the complaint, but is DENIED as to Count I, paragraph a and as to Count II (c. 93A).

The modules did not contain 3,248 square feet as indicated. The Sales Contract between Epoch and Pinnacle, as distinguished from the contract, did provide for delivery of house model H2 482, which is specifically described in other Pinnacle sales documents provided to plaintiffs, as containing 3,248 square feet.